UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

YALE LARRY BALCAR,     Plaintiff,

v.     Civil Action No. 3:15-cv-P118-DJH

PATRICK KISSINER *et al.*,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Yale Larry Balcar filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A. Upon initial review, for the reasons set forth herein, the Court will dismiss some of Plaintiff's claims and allow others to proceed.

### I. SUMMARY OF ALLEGATIONS

Plaintiff is an inmate at the Kentucky State Reformatory (KSR). He sues the following Defendants: Captain Patrick Kissiner; Captain Jeannette Sisco; Officer "Mr. Duggnis"; Warden Aaron Smith; and Doctor Elain Smith. He sues each Defendant in his or her individual and official capacity.

Plaintiff states that on July 24, 2014, he was "removed from general population at Kentucky State Reformatory and placed in administrative segregation without explanation." He states as follows:

> Captain Patrick Kissiner, said to me "I know how to deal with a wise guy asking for medical treatment." He get very mad a plaintiff and charge him like a mad bull seeing red. Plaintiff is setting in his wheelchair went defendant grab the plaintiff behide the neck and slap his face in the floor about 6 or more time. The plaintiff just had left eye surgery that day. The plaintiff surgery end about 2:00 P.M. Benton and Bloom done the surgery. Then the defendant drag the plaintiff thought Dorm 12 to outside yard then up handicap ram at DAL Unit 5 – OIR Max

cell. The plaintiff was asking for medical treatment for chest pain and was hurting very badly.

Plaintiff further states that on January 8, 2015, Defendant Duggnis ordered an inmate "to assault or beat the live hell out plaintiff while in segregation cell and defendant open the plaintiff cell door for the inmate to come into plaintiff cell to assault or beat him. Plaintiff was taking to medical for treatment."

Plaintiff maintains that, in regards to the incident with Defendant Kissiner, he "did not resist or threaten the Captain Patrick Kissiner in any fashion or break any prison rules." He maintains that Defendant Kissiner has "repeatedly engaged in excessive force against plaintiff in the past." He reports that after the assault by Defendant Kissiner he was taken to Benton and Bloom on July 25, 2014, to have his left eye checked because of the assault.

Plaintiff also states that he "was in a max cell for three weeks and no ventilation and the temture was 160º or hoter." He contends that the inadequate ventilation violated his rights under the Eighth Amendment. He reports that he was placed in punitive segregation on July 24, 2014, and that on July 25, 2014, he was served with disciplinary charges for assaulting staff. He contends that he was denied due process of law and that Defendants did not follow Kentucky Corrections Policies and Procedures in conducting the hearing. Plaintiff maintains that after the hearing he received a written disposition by Defendant Sisco finding him guilty and sentencing him to 6 months in segregation and loss of 793 days of non-restorable good time credits. Plaintiff states that he filed an administrative appeal with Defendant Warden Smith arguing that he had not been allowed to call witnesses and that there was no evidence to support the charge but that his conviction was not overturned.

Plaintiff reports that at Benton and Bloom on July 25, 2014, a doctor ordered KSR to give him eye drops three times daily and "keep water on his eye." However, Plaintiff maintains that

he was denied this "after care" treatment for his left eye. Plaintiff states that he has also submitted repeated sick call slips for treatment for his left eye and back pain. He states he had "back pain very badly because of Captain Kissiner drag plaintiff to segregation and was refused to see doctor." He states that Defendant Dr. Smith is responsible for arranging for specialized care outside the prison.

Plaintiff contends that the actions of Defendants Kissiner and Duggnis violated the Eighth Amendment and constituted assault and battery under state law. He states that the failure of Defendant Warden Smith to take disciplinary or other action "to curb the known pattern of physical abuse of inmate" by Defendants Kissiner and Duggnis "constituted deliberate indifference, and contributed to and proximately caused the above described violated of Eight Amendment rights and assault and battery."

Plaintiff also maintains that Defendant Sisco's refusal to call witnesses, finding him guilty of assault without evidence, and "inadequate written disposition of the charge" denied him due process. Plaintiff states, "The action of defendant Warden Aaron Smith in refusing to overturn the plaintiff disciplinary conviction, despite his knowledge of the above described due process violation, constituted deliberate indifference and further denied the plaintiff due process . . . ." He also contends that the failure of Defendants Dr. Smith and Warden Smith "to provide for the after care left eye and back pain constitutes deliberate indifference . . . ."

As relief, Plaintiff seeks declaratory relief concerning his claims under the Eighth Amendment, for assault and battery, for violation of the Due Process Clause, and for denial of medical treatment. He also seeks injunctive relief, in the form of ordering that Plaintiff receive medical treatment for his left eye and back and ordering Plaintiff to be released from punitive

3

segregation, "restoration of all rights and privileges"; and expungement of his disciplinary conviction from his institutional records. He also seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.  Official-capacity claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because all of the Defendants are employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for

monetary damages against these Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against all Defendants for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

**B. Individual-capacity claims**

   **1. Conditions of confinement**

Plaintiff states that he was put in a max cell for three weeks with no ventilation and the temperature was 160 degrees or hotter in violation of the Eighth Amendment. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). To state a plausible claim that the conditions of his or her confinement are unconstitutional, a prisoner must allege that he or she suffered an objectively serious deprivation resulting in the denial of the minimal civilized measure of life's necessities. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994); *Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984). Courts have repeatedly held that Eighth Amendment claims based on lack of ventilation and high temperatures fail to state a claim absent a showing of serious risks to prisoner health. *See King v. Berghuis*, No. 1:10-cv-57, 2010 U.S. Dist. LEXIS 12558, at *8 (W.D. Mich. Feb. 13, 2010) ("[A]bsent such extreme conditions raising serious risks to prisoner health, the courts routinely have determined that claims concerning ventilation were insufficient to state an Eighth Amendment claim.") (citing, *inter alia*, *Vasquez v. Frank*, 290 F. App'x 927, 929 (7th Cir. 2008) (holding that ventilation and extremely high temperatures that allegedly caused dizziness, migraines, nasal congestion, nose bleeds, and difficulty breathing did not rise to the level of an

Eighth Amendment violation); *Chandler v. Crosby*, 379 F.3d 1278, 1295 (11th Cir. 2004) (citing cases and concluding that a ventilation system that allowed high temperatures was not sufficiently extreme to violate the Eighth Amendment); *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004) (upholding the dismissal of a prisoner's claim that the confiscation of his extension cord, which was needed to operate a fan, deprived him of constitutionally adequate ventilation); *Thompson v. Cnty. of Medina*, 29 F.3d 238 (6th Cir. 1994) (upholding a dismissal of pretrial detainees' claim that a jail had inadequate ventilation); *Peters v. Berghuis*, No. 1:09-cv-14, 2009 U.S. Dist. LEXIS 10493, 2009 WL 261387, at *19-20 (W.D. Mich. Feb. 3, 2009) (rejecting claim that ventilation was constitutionally inadequate without the use of an electric fan)).

Plaintiff's one-sentence statement that he was put in a max cell for three weeks with no ventilation and extremely high temperatures is not sufficient to allege a serious deprivation resulting in the denial of the minimal civilized measures of life's necessities. Moreover, Plaintiff does not allege that he suffered any physical injury as a result of the alleged conditions. Accordingly, Plaintiff fails to state an Eighth Amendment claim concerning the conditions of the max cell, and the claim will be dismissed.

**2. Prison disciplinary conviction**

Plaintiff alleges that Defendants Sisco and Warden Smith violated the Due Process Clause in finding him guilty in prison disciplinary proceedings resulting in his placement in punitive segregation and loss of good-time credits. Plaintiff contends that Defendants Sisco refused to allow him to call witnesses, found him guilty of assault without evidence, and prepared an "inadequate written disposition of the charge." He maintains that Defendant Warden Smith refused to overturn the conviction.

To state a Fourteenth Amendment due-process claim, an inmate must allege a deprivation of a liberty interest protected by the Due Process Clause. To determine whether segregation of an inmate from the general prison population involves the deprivation of a protected liberty interest, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Generally, no liberty interest in remaining free from disciplinary segregation will be found. *Id.* at 484. Moreover, while Plaintiff maintains that Defendants failed to follow Kentucky Corrections Policies and Procedures in conducting the hearing, the failure of prison officials to follow institutional procedures or policies does not give rise to a due-process claim. *Id*. at 481-82; *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Therefore, Plaintiff's assignment to punitive segregation does not state a Due Process Clause violation.

A restraint which "inevitably affect[s] the duration of [an inmate's] sentence" creates a liberty interest. *Sandin v. Conner*, 515 U.S. at 487. The loss of good-time credits affects the length of Plaintiff's prison sentence; thus he has a protected liberty interest in this regard. *Id*. at 477-78 (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Even if the Court concluded that Plaintiff demonstrated liberty interests entitled to due-process protection, however, there is still a barrier to his Fourteenth Amendment claim. A state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28

8

U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If a ruling on a claim would necessarily render the duration of Plaintiff's confinement invalid, the claim must be dismissed because it is simply not cognizable until the challenged confinement has been remedied by some other process. *Id.* at 487.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the application of *Heck* to prison disciplinary proceedings. If the inmate's allegations would "necessarily imply the invalidity of the punishment imposed" the claim is not cognizable in a civil action under § 1983. *Id.* at 648. Furthermore, in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court reemphasized that "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 81-82.

In the instant action, Plaintiff seeks an order declaring that the conduct by Defendants Sisco and Warden Smith in handling his disciplinary hearing violated the Fourteenth Amendment and seeks release from punitive segregation, restorations of all rights and privileges, and expungement of his conviction from disciplinary record. Success on Plaintiff's claims concerning his prison disciplinary conviction would necessarily imply the invalidity of his confinement and therefore cannot be brought under § 1983.

Accordingly, Plaintiff's claims against Defendants Sisco and Warden Smith for all relief concerning his prison disciplinary proceedings and conviction will be dismissed for failure to state a claim.

### 3. Excessive force incidents

Plaintiff states that Defendant Kissiner attacked him and that Defendant Duggnis ordered another inmate to attack him. Upon review of Plaintiff's allegations, the Court will allow his § 1983 claims of excessive force and deliberate indifference to safety in violation of the Eighth Amendment and state-law claims of assault and battery to proceed against Defendants Kissiner and Duggnis in their individual capacities for monetary damages and declaratory relief.

Plaintiff also brings claims against Defendant Warden Smith under the Eighth Amendment and for assault and battery based on Warden Smith's alleged failure to take disciplinary or other action "to curb the known pattern of physical abuse of inmate" by Defendants Kissiner and Duggnis. Upon review, the Court will allow Plaintiff's § 1983 claim of deliberate indifference to safety and state-law claim of assault and battery to proceed against Defendant Warden Smith in his individual capacity for monetary damages and declaratory relief.

### 4. Retaliation

Plaintiff maintains that Defendant Kissiner used excessive force on him because Plaintiff asked for medical treatment. Construing the complaint broadly, as the Court is required to do at this stage, the Court will allow Plaintiff's § 1983 retaliation claim to proceed against Defendant Kissiner in his individual capacity for monetary damages.

### 5. Medical treatment

Plaintiff states that Defendants Warden Smith and Dr. Smith denied him medical treatment for his left eye and back after the alleged assault. Upon screening, the Court will allow Plaintiff's § 1983 claims of deliberate indifference to his serious medical needs to continue against Defendants Warden Smith and Dr. Smith in their individual capacities for monetary

damages and declaratory and injunctive relief and in their official capacities for injunctive relief only.

### IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims for monetary damages against all state Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

**IT IS ORDERED** that Plaintiff's claims against all Defendants in their individual capacities concerning the conditions of his confinement and his prison disciplinary conviction are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate** Defendant Sisco as a party to this action since no claims remain against her.

The Court will enter a separate Scheduling Order governing the claims that have been permitted to proceed.

Date: July 1, 2015

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.010

11