UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

YALE LARRY BALCAR,     Plaintiff,

v.     Civil Action No. 3:15-cv-P118-DJH

PATRICK KESSINGER *et al.*,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Yale Larry Balcar, an inmate at the Kentucky State Reformatory (KSR), filed the instant *pro se* 42 U.S.C. § 1983 action alleging excessive force, retaliation, and other claims arising out of two incidents. This matter is before the Court on Plaintiff's motion for a preliminary and permanent injunction seeking an order allowing him access to the courts (DN 44) and a separate motion which Plaintiff captioned as "Plaintiff Motion to Denied Defendants Extension of Time" (DN 34). Defendants did not file a response to either motion, but the Court finds that it can rule on the motions without the benefit of a response.

In the instant motion for preliminary injunction (DN 44), Plaintiff states that he is bringing the motion "because of denied access to court by case worker Mr. Delbert Shumpert and U.A. Carlos Schantzel and UA II Johon Grimmson." He states, "On July 12-2016, I was denied access to court by case worker and both U.A. of Unit D. They refuse plaintiff Balcar, an indigent inmate his legal materials to access the court by refusing legal line paper, pens, legal mail envople and refuse to mail his legal mail." Plaintiff further states, "Case worker Shumpert and U.A. said that they will order the mail room not to mail plaintiff legal mail and send his legal mail back that court send. This will effect this case and his other legal action in the United States District Courts." As relief, Plaintiff requests the Court "to grant his preliminary injunction to

order Warden Aaron Smith to allow plaintiff the right to access court and his legal materials for frees." He requests an injunction "immediately ordering or arrange for the plaintiff needs for indigent legal paper with line, ink pens, legal envople and free stamps and to meet plaintiff need to answer or comply to court order." Plaintiff also seeks a hearing on the motion.

In a separate motion (DN 34), Plaintiff makes similar claims concerning his access to the court. While the caption makes it appear to be a motion to deny Defendants an extension of time, Plaintiff in fact seeks "summary judgment and a preliminary injunctions . . . ." In support of the motion, Plaintiff states, "Pretrail memorandum was mail out on March 8-2016, plaintiff took legal mail to KSR, mail room and log it in legal mail log and has a receid of it. . . . If this court has not receid the pretrail memorandum then the mail room at KSR, refuse to mail it to court." Plaintiff also states, "This could hurt plaintiff case or injury in some way by defendants." He further maintains, "Plaintiff have had trouble with KSR mail room. They have block plaintiff legal mail going out. Their have read plaintiff incoming and outgoing legal mail and have made copy for Warden Aaron Smith."

Preliminary injunctive relief is an extraordinary remedy "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In determining whether to grant a preliminary injunction, "'the district court is required to consider four factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer an irreparable injury if the court does not grant a preliminary injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest.'" *Abney v. Amgen, Inc.*, 443 F.3d 540,

547 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir. 2001)).

Although no single factor is controlling when determining whether a preliminary injunction should be issued, the likelihood of success on the merits is often the predominant consideration. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no likelihood of success on the merits is usually fatal."); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("[W]hile, as a general matter, none of [the] four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiff has not shown that he is likely to prevail on the merits. To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, there must be an actual injury, and no actual injury occurs without a showing that a non-frivolous claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim").

Plaintiff's motion for preliminary injunction fails to state that he has lost the opportunity to present any claim, had a claim rejected, or suffered any other actual injury in connection with his allegations. Moreover, the Court's records reveal that Plaintiff has six civil-rights cases pending in this Court, including one action filed just days ago on October 20, 2015, and a pending habeas corpus action. Plaintiff has been able to file numerous documents in each of

3

these cases. While Plaintiff's motion concerning his legal mail suggests that the KSR mail room refused to mail his pretrial memorandum to the Court, review of the docket sheet shows that Defendants filed a motion to dismiss due to Plaintiff's failure to file his pretrial memorandum (DN 27). However, because Plaintiff advised the Court that he did mail it to the Court, the Court denied the motion and gave Plaintiff another opportunity to file a pretrial memorandum (DN 32), which he did (DN 36). While Plaintiff argues that the KSR mail room refused to mail his pretrial memorandum, he offers no proof that this was done intentionally or that it was any more than a one-time occurrence. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *accord Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) ("As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."). As Plaintiff has offered no proof of any actual injury resulting from the alleged limited access to legal materials or problems with the KSR mail room, he fails to show a likelihood of success on the merits.[1]

Secondly, to meet the irreparable injury component of a motion for preliminary injunctive relief, a movant must show "'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney*, 443 F.3d at 552. As Plaintiff's motions state no specifics in terms of any upcoming deadline or pending motion to dismiss, he fails to show that he is subject to actual or imminent harm.

The third and fourth elements also weigh against granting preliminary injunctive relief. It is generally in the best interests of all if courts refrain from becoming involved in day-to-day prison operations. Moreover, the Court's intervention in internal prison operations without an

---

[1] For these reasons, the Court finds that any attempt by Plaintiff to amend his complaint to add the above claims would be futile. Therefore, the Court will not allow Plaintiff to amend the complaint to add these claims, including his claim for permanent injunctive relief.

urgently compelling and extraordinary reason is viewed as against the public interest. *Lang v. Thompson*, No. 5:10-CV-379, 2010 U.S. Dist. LEXIS 126890, at *19 (E. D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.")

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for preliminary and permanent injunctive relief and a hearing (DN 44) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunctive relief and summary judgment (DN 34) is also **DENIED**.

To address Plaintiff's concerns about the Court receiving his mailings, the **Clerk of Court is DIRECTED** to send Plaintiff a docket sheet.

Date: October 28, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Counsel of record
4415.010

5