UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

YALE LARRY BALCAR,                                                                    Plaintiff,

v.                                                                Civil Action No. 3:15-cv-P118-DJH

PATRICK KESSINGER *et al.*,                                                         Defendants.

* * * * *

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Yale Larry Balcar, an inmate at the Kentucky State Reformatory, filed the instant *pro se* 42 U.S.C. § 1983 action alleging excessive force, retaliation, and other claims arising out of two incidents.  This matter is before the Court on Plaintiff's motion for a preliminary injunction seeking medical treatment for chronic pain (DN 29).  Defendants filed a response (DN 37), Plaintiff filed a reply (DN 40), and the motion is ripe for review.

Upon initial review of the complaint under 28 U.S.C. § 1915A, the Court allowed the following claims to go forward:  42 U.S.C. § 1983 claims of excessive force and deliberate indifference to safety and state-law claims of assault and battery against Defendants Patrick Kessinger and Joshua Duggins in their individual capacities; § 1983 claim of deliberate indifference to safety and state-law claim of assault and battery against Defendant Warden Smith in his individual capacity; § 1983 retaliation claim against Defendant Kessinger in his individual capacity; and § 1983 claims of deliberate indifference to serious medical needs against Defendants Warden Smith and Dr. Smith in their individual and official capacities.  Plaintiff's claims for deliberate indifference to serious medical needs were based on his allegations that Defendants Warden Smith and Dr. Smith denied him medical treatment for his left eye and back after an alleged assault that was the subject of his excessive-force claims.

In the instant motion for preliminary injunction, Plaintiff seeks treatment for chronic pain. He states that he "has a long standing history of chronic mid thoracic and low back pain and bilateral hips on both hips. This has been diagnosed by his physician on the street mandating treatment." He further states, "I did had Dr. Smith for my doctor her and now have a new doctor which is Dr. Manning of CCS Medical Care. On May 31-2016, he refused my chronic back pain treatment and Plaintiff's prescription for Lortab 10 mg. x 3 daily and outside pain treatment." As relief, Plaintiff requests "an order for treatment to a outside back doctor and hip doctor and his pain medicine Lortab 10 g x 3 Daily. 'To KSR Medical.'" To his motion, Plaintiff attaches a medical record dated August 31, 2010, from a University of Kentucky health care facility labeled "Pain Clinic Consult."

In their response, Defendants Kessinger, Duggins, and Warden Smith, by counsel, argue that the motion is unrelated to the pending claims in this action. They also assert that "Plaintiff is seen routinely in the chronic care clinic approximately every 90 days." Defendants maintain that an inmate can submit a sick call slip to be seen for an acute issue or request medication. They state, "The Department of Corrections does not have a record evidencing that on May 31, 2016, Plaintiff either requested, or was denied, the treatment he references in the Motion." They argue that they do not know the origins of the medical records attached to Plaintiff's motion. They also state that Plaintiff did not exhaust his administrative remedies regarding this issue before filing this motion. The Court notes that the response is unsupported by affidavits or other evidence.

In reply, Plaintiff states, "Correct Care Solution is to provide medical care for the inmate population. Plaintiff was seen by Dr. Thad Manning on May 31, 2016 and he refuse plaintiff his Lortab 10 mg x 3 and refuse plaintiff to see a outside doctor, and this have been going on for past

2

3 years." He states, "Correct Care Solution, had plaintiff full medical record by his doctor Dr. John Stewart of University of Kentucky, in Lexington, Ky, seen on October 31, 2014." He also states, "The 'Chronic Care Clinis' at KSR is a joke." Plaintiff lists a number of chronic health problems from which he suffers. He requests to be seen by an outside doctor and requests to receive Lortab.

The Court first notes that Plaintiff's allegations concerning treatment for his chronic health conditions are not related to the claims in the pending lawsuit. Plaintiff's claims in this action for deliberate indifference to medical needs do not concern treatment for his chronic pain. Moreover, it does not appear that any Defendants in this action are responsible for the alleged denial of medical care since Plaintiff indicates that a Dr. Manning denied him the requested treatment and Dr. Manning is not a Defendant in this action. That being said, Plaintiff has not met his burden of establishing that he is entitled to preliminary injunctive relief.

Preliminary injunctive relief is an extraordinary remedy "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In determining whether to grant a preliminary injunction, "'the district court is required to consider four factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer an irreparable injury if the court does not grant a preliminary injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest.'" *Abney v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir. 2001)).

Although no single factor is controlling when determining whether a preliminary injunction should be issued, the likelihood of success on the merits is often the predominant consideration. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no likelihood of success on the merits is usually fatal."); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("[W]hile, as a general matter, none of [the] four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiff has not shown that he is likely to prevail on the merits.  First, to establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002).  To rise to the level of an Eighth Amendment violation, a prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837-38.  Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Id.* (citations omitted). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996).

Plaintiff states that he was seen by a doctor on May 31, 2016, and he does not dispute Defendants' contention in their response that he is seen in the prison's chronic care clinic on a routine basis approximately every 90 days. His claim is that Dr. Manning denied him the pain medication he requested and denied his request to see an outside doctor. Based on Plaintiff's own assertions in his motion, it is clear that he has been seen by a doctor for his chronic pain and his dispute is with the adequacy of the treatment. While he disagrees with the course of treatment and need to see an outside specialist, his allegations do not give rise to a constitutional violation. Therefore, Plaintiff has failed to establish a likelihood of success on the merits.[1]

Secondly, to meet the irreparable injury component of a motion for preliminary injunctive relief, a movant must show "'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney*, 443 F.3d at 552. Plaintiff has failed to show that his need for the requested treatment is actual and imminent. The medical record attached to his motion, which he cites to argue that he needs immediate relief, is dated August 31, 2010, more than six years ago. To his reply, Plaintiff also attaches medical records from 2011. He also states that he was seen by an outside doctor on October 31, 2014. However, the Court could not find any medical record in his attachments concerning a 2014 doctor visit. Even if Plaintiff had a medical record from 2014, such evidence from approximately two years ago would not be sufficient to show actual and imminent harm. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary

---

[1] For these reasons, the Court finds that any attempt by Plaintiff to amend his complaint to add the above claims against Dr. Manning would be futile. Therefore, the Court will not allow Plaintiff to amend the complaint to add these claims.

judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *accord Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) ("As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."). Plaintiff has put forth no proof to show that he is subject to actual or imminent harm.

The third and fourth elements also weigh against granting preliminary injunctive relief. It is generally in the best interests of all if courts refrain from becoming involved in day-to-day prison operations. Moreover, the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest. *Lang v. Thompson*, No. 5:10-CV-379, 2010 U.S. Dist. LEXIS 126890, at \*19 (E. D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.")

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for preliminary injunctive relief (DN 29) is **DENIED**.

Date:     October 28, 2016

**David J. Hale, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Counsel of record
4415.010

6