UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

YALE LARRY BALCAR,                                              Plaintiff,

v.                                                Civil Action No. 3:15-cv-P118-DJH

PATRICK KESSINGER *et al.*,                                    Defendants.

* * * * *

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court upon a Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by Defendant Elaine Smith, by counsel (DN 39). Fully briefed, this matter is ripe for decision. For the following reasons, the motion will be denied.

At the outset, the Court observes that on February 15, 2017, Plaintiff filed an interlocutory appeal in the Sixth Circuit which does not challenge a final, appealable decision of this Court. "As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal" unless "the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). A notice of appeal from a plainly non-appealable order may properly be ignored by the district court. *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981). Accordingly, while the district court lacks jurisdiction to outright dismiss the improper appeal, *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994), it may nevertheless proceed to adjudicate the merits of the underlying action as if the improper appeal had not been filed. *Cochran*, 641 F.2d at 1222. Upon review of the pending notice of appeal (DN 54) filed by Plaintiff, the Court finds that it is not from a final, appealable order, and therefore, does not divest this Court of its jurisdiction.

Moreover, before turning to the motion, the Court will address Defendant Elaine Smith's name in the docket sheet.  She was identified in the complaint caption as "Doctor: Elain Smith." However, her motion to dismiss sets forth her name as Elaine Smith and states that she is in fact not a doctor but is an APRN.[1]  Therefore, the **Clerk of Court is DIRECTED** to change this Defendant's name in the docket sheet to reflect her correct name, *i.e.*, Elaine Smith.

## I. PROCEDURAL HISTORY

Plaintiff filed the instant *pro se* 42 U.S.C § 1983 action proceeding *in forma pauperis*. Upon initial review of the complaint under 28 U.S.C. § 1915A, the Court allowed the following claims to go forward:  42 U.S.C. § 1983 claims of excessive force and deliberate indifference to safety and state-law claims of assault and battery against Defendants Patrick Kessinger and Joshua Duggins in their individual capacities; § 1983 claim of deliberate indifference to safety and state-law claims of assault and battery against Defendant Warden Smith in his individual capacity; § 1983 retaliation claim against Defendant Kessinger in his individual capacity; and § 1983 claims of deliberate indifference to serious medical needs against Defendants Warden Smith and Elaine Smith in their individual and official capacities.  Plaintiff's claims for deliberate indifference to serious medical needs were based on his allegations that Defendants Warden Smith and Elaine Smith denied him medical treatment for his left eye and back after an alleged assault that was the subject of his excessive-force claims.

The complaint states that Defendant Elaine Smith is "the Medical Doctor for segregation at Kentucky State Reformatory and is generally responsible for ensuring the provision of medical care to prisoners of and specifically for scheduling medical appointment outside the prison when

---

[1] While not so stated in the motion or memorandum in support, the Court presumes that Defendant is an Advanced Practice Registered Nurse.

a prisoner needs specialized treatment or evaluation." The complaint states that on July 24, 2014, the following occurred:

> Captain Patrick [Kessinger], said to me "I know how to deal with a wise guy asking for medical treatment." He get very mad a plaintiff and charge him like a mad bull seeing red. Plaintiff is setting in his wheelchair went defendant grab the plaintiff behide the neck and slap his face in the floor about 6 or more time. The plaintiff just had left eye surgery that day. The plaintiff surgery end about 2:00 P.M. Benton and Bloom done the surgery. Then the defendant drag the plaintiff thought Dorm 12 to outside yard then up handicap ram at DAL Unit 5 – OIR Max cell. The plaintiff was asking for medical treatment for chest pain and was hurting very badly.

Plaintiff reports that he was taken to Benton and Bloom the following day to have his left eye checked because of the alleged assault. He states that a doctor at Benton and Bloom ordered Kentucky State Reformatory to give him eye drops three times daily and "keep water on his eye." Plaintiff states, "On or about July 28-2014, the plaintiff submitted a sick call request seeking an appointment to see the doctor for my back pain very badly because of Captain [Kessinger's] drag plaintiff to segregation and was refuse to see Doctor . . . ." Plaintiff also maintains that he was denied this "after care" treatment for his left eye. Plaintiff states, "Since then, the plaintiff has submitted repeated sick call requests and has filed grievance requests for after care for his left eye and his back pain." Plaintiff also states, "The failure of defendant [Elaine] Smith and Warden Aaron Smith to provide for the after care for the left eye and back pain constitutes deliberate indifference to the plaintiff serious medical needs in violation of the Eighth Amendment to the United States Constitution."

## II. LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]

district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  (citing *Twombly*, 550 U.S. at 556).  The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  (citing *Twombly*, 550 U.S. at 555).  In addition, "[a] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## A. Failure to State a Claim

In her motion to dismiss, Defendant Elaine Smith argues that the complaint "lacks the requisite specificity" in stating the factual basis for the claims against her and that Plaintiff has furnished only "vague, unsupported allegations" against her.  She argues that Plaintiff failed to indicate who allegedly denied him treatment, when the treatment was denied, or what injury he sustained as a result of the denial.  She argues that the only mention of her involvement is in Plaintiff's allegation that "Defendant Doctor Smith is responsible for arranging for specialized care outside the prison."  She argues, "However, there is nothing in Plaintiff's Complaint alleging what exactly Nurse Smith did to violate Mr. Balcar's Eighth amendment rights."  She contends that even if she is the person responsible for arranging outside care, there is nothing in the complaint to indicate that she actually denied medical care to Plaintiff.  She further maintains that Plaintiff admits in the complaint that he just returned from a visit to "'Benton and Bloom on

July 25, 2014.'"  Defendant Elaine Smith also argues that mere disagreement with the care received does not give rise to a constitutional violation.  She states that Plaintiff admits that he received medical treatment for his alleged eye condition.  She states that the medical records attached to the complaint do not support his claim concerning denial of treatment for his back pain.  Defendant Elaine Smith also argues that Plaintiff has failed to allege how he has been injured from her alleged acts.

In response to the motion to dismiss (DN 43), Plaintiff states as follows:

Smith, refuse to follow the eye doctor order from Benton and Bloom.  Smith refuse eye drops for about 5 days. . . . Also Smith refuse to have Plaintiff [stitches][2] remove in Oct. 2014 till April, 2015.  Because of left eye treatment was refuse by Smith Plaintiff have mere headaches every day and very poor vision in his left eye.  Plaintiff is in chronic pain from mere headach daily.

He also states, "Smith refuse to treat plaintiff re injury back that was cause by defendant Kessinger.  Smith will not give pain medical or refuse to send plaintiff out to back doctor.  This causing pain discomfort to plaintiff daily life."

In the complaint, Plaintiff states that Defendant Elaine Smith was the "Medical Doctor" responsible for ensuring medical care for prisoners in segregation, that he was taken to segregation after an alleged assault by Defendant Kessinger, and that he was denied medical treatment for injury to his eye and back after the assault.  He states that he put in a sick call request on July 28, 2014, to see a doctor for treatment for his back and "was refuse to see a doctor."  He states that he has submitted "repeated" sick call requests for treatment for his eye and back and that Defendant Elaine Smith has failed to provide him treatment.  Upon review, for the same reasons the Court found that the claims against Defendant Elaine Smith survive initial screening under § 1915A, the Court finds that Plaintiff's statements in his complaint, as well as

---

[2] While Plaintiff wrote "sticker" in his response, the Court presumes that Plaintiff is referring to "stitches" based on his statements regarding same in his pretrial memorandum (DN 36).

5

in his response to the motion to dismiss, meet the standard set forth in *Iqbal* and *Twombly* and are sufficient to state a claim against Defendant Elaine Smith.  Therefore, she is not entitled to dismissal on this basis.

## B. Failure to Exhaust Administrative Remedies

Defendant Elaine Smith also argues that the claims against her should be dismissed because Plaintiff failed to plead that he has exhausted his administrative remedies.  The Prison Litigation Reform Act (PLRA) bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available."  42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").  In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009).  Importantly, however, "failure to exhaust administrative remedies under the PLRA is *an affirmative defense that must be established by the defendants*."  *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. at 204) (emphasis added).  A plaintiff is not required to demonstrate exhaustion in his complaint.  *Jones v. Bock*, 549 U.S. at 216.

Here, Defendant Elaine Smith has not met her burden of establishing that Plaintiff failed to exhaust his available administrative remedies.  She has not attached any affidavit to her motion showing that Plaintiff failed to file a grievance related to the matters at hand or produced

a copy of the relevant grievance procedure.  For these reasons, the Court concludes that dismissal is not warranted on this basis.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to dismiss by Defendant Elaine Smith (DN 39) is **DENIED**.

Date:     February 20, 2017

**David J. Hale, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Counsel of record
4415.010