UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

YALE LARRY BALCAR,                                                    Plaintiff,

v.                                                    Civil Action No. 3:15-cv-P118-DJH

PATRICK KESSINGER *et al.*,                                          Defendants.

* * * * *

## MEMORANDUM OPINION

Plaintiff Yale Larry Balcar filed the instant *pro se* action under 42 U.S.C. § 1983.

Defendants filed a motion for summary judgment (Docket No. 74); a motion to strike Plaintiff's

pretrial memorandum and motion for summary judgment (DN 75); a motion to supplement their

motion for summary judgment (DN 86); and a motion to file a second supplement to their motion

for summary judgment (DN 89). Plaintiff failed to file a response to any of the pending motions.

However, by Order entered on May 21, 2018 (DN 91), in light of Plaintiff's *pro se* status, the

Court gave him an additional 30 days to file responses to the pending motions. In addition, the

Court found that Plaintiff had filed a notice of change of address on February 20, 2018 (DN 88),

indicating his release from incarceration but had taken no other action in this case since April 11,

2017. Therefore, the Court warned Plaintiff that if he failed to file responses to the pending

motions within the time allowed, the Court would presume that he was no longer interested in

prosecuting this action and would dismiss this action for failure to prosecute.

In addition, because of Plaintiff's release from incarceration, the Court also ordered

Plaintiff within 30 days to pay the $200.00 balance of the filing fee or to file a non-prisoner

application to proceed without the prepayment of fees (DN 91). That Order also warned Plaintiff

that his failure to comply would result in dismissal of this action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Orders or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with its straightforward orders, despite being warned that dismissal would occur without compliance, shows that Plaintiff has abandoned any interest in prosecuting this action. Therefore, this action will be dismissed by separate Order.

Date:

cc:      Plaintiff, *pro se*
          Counsel of Record
4415.010